**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **MICHAEL M. JONES, #N-11754** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO. 11-cv-611-JPG** |
| ) | |
| **DR. SHAH, DR. RAYFORD,** ) | |
| **DR. SHICKER, NONA HOHNSBEHN,** ) | |
| **DR. ELYEA, NURSE HARRIS,** ) | |
| **WARDEN VITALE, and** ) | |
| **WARDEN CAMRON,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Michael Jones, an inmate at Southwestern Illinois Correctional Center

("SWICC"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C.

§ 1983, based on incidents that occurred while Plaintiff was incarcerated at SWICC and Vandalia

Correctional Center ("Vandalia").  Plaintiff is serving a nine year sentence for burglary.  This

case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C.

§ 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as
> soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable
> claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

Plaintiff's complaint names Dr. Shah (Medical Director - SWICC), Dr. Rayford (Medical Director - Vandalia), Dr. Shicker (Medical Director - Illinois Dept. Of Corrections ("IDOC")), Nona Hohnsbehn (Health Care Administrator - SWICC), Dr. Elyea (Medical Director - Health Professional Ltd.), Nurse Harris (SWICC), Assistant Warden Vitale (SWICC), and Assistant

Warden Camron (Vandalia), who Plaintiff claims each violated his constitutional rights.

On August 27, 2010, Plaintiff was transferred to IDOC custody from the Cook County Dept. Of Corrections ("CCDOC").  During receiving, Plaintiff told an unnamed doctor that he had a hernia in his groin and nerve damage in his ears and knees.  Plaintiff also informed this individual that he had been scheduled to have surgery on his hernia while at CCDOC after obtaining several court orders.  Plaintiff was given medication, given a low bunk and low gallery permit, and advised to tell his next institution about his medical problems.  However, instead of being assigned a low bunk, Plaintiff claims that he was housed on the third floor in a top bunk, which aggravated his hernia.

Plaintiff was subsequently transferred to Vandalia, where he "constantly went to the med unit" and after two weeks had not yet seen a doctor (Doc. 1, p. 6).  Plaintiff was told that if he did not stop harassing the health care staff he would be placed in segregated housing.  Eventually, Plaintiff met with Defendant Rayford, who gave him pain medication and a harness for his hernia, but told him that surgery was not necessary or within Vandalia's budget.  Plaintiff wrote Defendant Camron to inform her of his medical problems, but she referred his complaints back to Defendant Rayford.

Around December 25, 2010, Plaintiff met with Defendant Shah, who told Plaintiff that there was nothing wrong with him and to drink more water.  On March 3, 2011, Plaintiff was transferred to SWICC, where he was taken off all of his medications and placed on a top bunk. As a result, Plaintiff had no relief for the pain caused by his hernia, which was aggravated by having to climb up and down from the high bunk.  Plaintiff went to the health care unit and told Defendant Harris about his medical problems.  Defendant Harris responded that she already

knew about Plaintiff's situation and that he would have to "deal with it" until he saw a doctor (Doc. 1, p. 7).  Two weeks later, Plaintiff met with Defendant Shah again and asked to be put back on his pain medication.  However, as of April 7, 2011, he still had not received any medication for pain, nor had he been given antacids to help with the bloating caused by his digestive problems (Doc. 1, p. 12).  Plaintiff has since notified Defendants Vitale, Shicker, and Hohnsbehn about not receiving medication or surgery, to no avail.

Plaintiff claims that his hernia has infected his left testicle, and he worries that this will prevent him from having more children.  He further asserts that the pain from his hernia can be so intense at times that it causes dizziness.  Plaintiff also notes that since being transferred to SWICC, the nerve damage in his ears and knees has "start[ed] back up again" (Doc. 1, p. 7).

Plaintiff requests compensatory and punitive damages in addition to an investigation into the conditions of the correctional facilities involved in this action.

**<u>Discussion</u>**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle,* 429 U.S. at 106.  *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  Deliberate indifference

involves a two-part test.  The plaintiff must show that (1) the medical condition
was objectively serious, and (2) the state officials acted with deliberate
indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  However, the Supreme Court stressed that

this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or
> failed to act believing that harm actually would befall an inmate;  it is enough that
> the official acted or failed to act despite his knowledge of a substantial risk of
> serious harm . . . . Whether a prison official had the requisite knowledge of a
> substantial risk is a question of fact subject to demonstration in the usual ways,
> including inference from circumstantial evidence . . . and a factfinder may
> conclude that a prison official knew of a substantial risk from the very fact that the
> risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the

denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless

disregard for, a substantial risk of harm. *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000)

(officers were on notice of seriousness of condition of prisoner with ruptured appendix because

he "did his part to let the officers know he was suffering")  Further, a delay in providing medical

treatment "may constitute deliberate indifference if the delay exacerbated the injury or

unnecessarily prolonged an inmate's pain." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir.

2010) (discussing *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976); *Gayton v. McCoy,* 593 F.3d

610, 619 (7th Cir. 2010); *Edwards v. Snyder,* 478 F.3d 827, 832 (7th Cir. 2007) ("a plaintiff's

receipt of *some* medical care does not automatically defeat a claim of deliberate indifference if a

fact finder could infer the treatment was 'so blatantly inappropriate as to evidence intentional

mistreatment likely to seriously aggravate' a medical condition")).

Finally, the Seventh Circuit considers the following to be indications of a serious medical

need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff alleges that Defendants have all been informed of his medical condition and have repeatedly denied or ignored Plaintiff's requests for corrective surgery. Plaintiff describes what could plausibly be termed a "serious medical need," as he claims that the intense pain from his hernia has caused him to vomit and become dizzy at times. In addition, at the time this complaint was filed, Plaintiff allegedly had been denied medication for his severe and debilitating pain for at least the four months following his transfer to SWICC.

Defendant Rayford prescribed some treatment during the six months Plaintiff was housed at Vandalia; however, Plaintiff alleges that these measures were ineffective in treating his hernia. While Plaintiff cannot choose his treatment (surgery), if other measures are ineffective in relieving pain, it could constitute deliberate indifference. Furthermore, it appears Plaintiff was in a high bunk despite his aggravated condition, and it is unclear whether Defendant Rayford granted or denied a low bunk permit. Thus, Defendant Rayford's denial of corrective surgery and possible failure to grant a low bunk permit could signal deliberate indifference to Plaintiff's prolonged pain.

As to Defendant Shah, his refusal to prescribe any pain medication for Plaintiff could certainly imply deliberate indifference. In particular, this Defendant's advice to Plaintiff that he should just "drink more water" suggests a disregard for Plaintiff's alleged medical issues.

Likewise, Defendant Harris's conduct in telling Plaintiff he would "have to deal with" his medical problems for two weeks before he could see a doctor implies deliberate indifference to the pain he was experiencing from his hernia.

However, in regards to Defendants Shicker, Hohnsbehn, Vitale, and Camron, their responsibilities do not encompass the individual treatment of Plaintiff. Plaintiff seems to think that any prison or medical employee who knows (or should know) about his problems has a duty to fix those problems. That theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As Chief Judge Easterbrook recently stated,

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. Burks's view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. *See Durmer v. O'Carroll*, 991 F.2d 64 (3d Cir. 1993).

*Burks*, 555 F.3d at 595.

Plaintiff has not alleged that these Defendants were involved in the diagnosis or treatment of his hernia. Nor does he indicate that these Defendants had any role in determining what

treatment Defendants Rayford and Shah were authorized to provide to Plaintiff.  While Plaintiff

alleges that he repeatedly put Defendants Shicker, Hohnsbehn, Vitale, and Camron on notice of

his chronic pain and serious medical condition, such notice is insufficient to broaden liability

from the possible deliberate indifference of his treating physicians.  "If a prisoner is under the

care of medical experts . . . a non-medical prison official will generally be justified in believing

that the prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011)

(quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  Specifically, "[a] layperson's

failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just

a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596

(7th Cir. 2009).  Accordingly, Defendants Shicker, Hohnsbehn, Vitale, and Camron shall be

dismissed from this action without prejudice.

However, according to the complaint, Defendants Rayford, Shah, and, to some extent,

Harris are responsible for Plaintiff's medical treatment and have allegedly persisted in a

treatment plan that has failed to relieve Plaintiff's ongoing pain or correct his hernia. Thus,

Plaintiff has stated a plausible claim against these Defendants under the Eighth Amendment that

should receive further review.

**<u>Defendant Elyea</u>**

Though Plaintiff names Defendant Elyea in the caption of his complaint, he fails to list

him elsewhere in his complaint, so the Court is unable to ascertain what claims, if any, Plaintiff

has against this Defendant.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required

to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required

to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendant Elyea elsewhere in his complaint, he has not adequately stated claims against this individual, or put him on notice of any claims that Plaintiff may have against him.  For this reason, Defendant Elyea will be dismissed from this action without prejudice.

**Disposition**

IT IS HEREBY ORDERED that **DEFENDANTS SHICKER, HOHNSBEHN, ELYEA, VITALE,** and **CAMRON** are dismissed from this action without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall prepare for Defendants **RAYFORD, SHAH,** and **HARRIS**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of

employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  July 12, 2012**

                                 *s/J. Phil Gilbert*
                              **United States District Judge**