IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL M. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. **3:11-cv-00611-JPG-PMF** |
| | ) |
| DR. BAHRAT SHAH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is defendant Dr. Rayford's (Doc. 49) motion for summary judgment and plaintiff Michael M. Jones' (Doc. 63) response thereto. For the following reasons, it is recommended that Dr. Rayford's motion for summary judgment (Doc. 49) be denied.

### I.  BACKGROUND

On July 14, 2011, the plaintiff, Michael M. Jones, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. Jones is an inmate at Southwestern Illinois Correctional Center ("SWICC"). Immediately prior to his confinement at SWICC, Jones was an inmate at Vandalia Correctional Center ("Vandalia") from September 14, 2010 to March 2, 2011. Both SWICC and Vandalia are correctional facilities under the jurisdiction of the Illinois Department of Corrections ("IDOC"). Dr. Rayford was employed at Vandalia during Jones' confinement at that institution. Jones claims that Dr. Rayford failed to provide adequate medical treatment at Vandalia regarding Jones' hernia condition.

On July 13, 2012, the Court conducted a preliminary review of the complaint pursuant to its authority in 28 U.S.C. § 1915A. *See* Doc. 14. In that order, the Court dismissed five of the

1

eight defendants identified in the complaint. *See id*. The Court also found that Jones stated a deliberate indifference claim against three defendants, including Dr. Rayford. *See id*. Dr. Rayford filed the instant (Doc. 49) motion for summary judgment on December 13, 2012, seeking a ruling on his affirmative defense of failure to exhaust administrative remedies. The other remaining defendants, Dr. Shah and RN Harris, do not join Dr. Rayford on the instant (Doc. 49) motion.

## II.    DISCUSSION

Pursuant to the Prison Litigation Reform Act ("PLRA"), all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with a lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). "Exhaustion is an affirmative defense, and the burden of proof is on the defendants." *Id.* (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

The IDOC has a three-step process that prisoners under their jurisdiction are required to follow in order to exhaust administrative remedies. For the first step, the prisoner must first attempt to resolve the dispute through his or her grievance counselor. *See* 20 Ill.Admin.Code § 504.810. At step two, if the prisoner is unable to resolve the dispute through his or her counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *See id*. The grievance must contain factual details regarding each aspect of the dispute, including "what happened, when, where, and the name of each person

who is the subject of or who is otherwise involved in the [dispute]." *Id*. The Grievance Officer then considers the grievance and reports his or her findings and recommendations in writing to the Chief Administrative Officer ("CAO"). *See* 20 Ill.Admin.Code § 504.830. The CAO typically advises the prisoner of the decision at step two in writing within two months after receipt of the written grievance. *See id*. The third and final step of the exhaustion process is an appeal to the Administrative Review Board ("ARB"). After receiving a response from the CAO at step two, the prisoner has thirty (30) days from the date of the response to appeal to the ARB. *See* 20 Ill.Admin.Code § 504.850. The ARB typically makes a final determination within six (6) months after receipt of the appealed grievance. *See id*. With regard to prisoners under the control of the IDOC, administrative remedies may be deemed fully exhausted after the prisoner receives a copy of the ARB's decision at step three.

When there are factual issues relating to the exhaustion defense, the Court must resolve those issues by conducting an evidentiary hearing. *See Pavey*, 544 F.3d at 740-42. The Court is permitted to make findings of fact and credibility assessments of witnesses at such an evidentiary hearing. *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011). If the Court finds that the prisoner exhausted his administrative remedies, "the case will proceed to pretrial discovery, and if necessary a trial, on the merits." *See Pavey*, 544 F.3d at 742. If the Court finds that the prisoner did not exhaust his administrative remedies, the Court determines whether:

(a) the plaintiff has unexhausted remedies, and so he must go back and exhaust;
(b) or, although he has no unexhausted remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), in which event he will be allowed to go back and exhaust; or
(c) the failure to exhaust was the prisoner's fault, in which event the case is over.

*Id*.

### A. Defendant Dr. Rayford's Evidence

Dr. Rayford argues that Jones failed to properly exhaust a grievance with respect to the remaining claim against him in this litigation. In support, the Dr. Rayford has provided grievances obtained from the ARB. *See* Doc. 49-2. Dr. Rayford subpoenaed "[a]ll grievances filed by inmate Michael M. Jones…" from the ARB in Springfield, Illinois. *See* Docs. 49-1. Dr. Rayford has attached 15 pages of grievances, letters, and responses as an exhibit to the (Doc. 49) motion for summary judgment. *See* Docs. 49-2. At the evidentiary hearing held in this case on May 10, 2013, Dr. Rayford's submitted evidence establishing that the last time Jones received treatment from Dr. Rayford at Vandalia was on February 8, 2011. *See* Doc. 73 at 2. Other than the medical record, no additional evidence was presented by Dr. Rayford at the evidentiary hearing.

### B. Plaintiff's Evidence

Jones has submitted evidence in response to Dr. Rayford's (Doc. 49) motion for summary judgment in the form of his own affidavit. *See* Doc. 61. Jones attests that he submitted a grievance regarding Dr. Rayford at Vandalia by placing it in the D-dorm grievance box at Vandalia. *See id*. Jones offered additional evidence in the form of his own testimony at the May 10, 2013 evidentiary hearing. Jones repeated the allegation provided in his affidavit regarding submitting a grievance at Vandalia, and also gave further details regarding that grievance. Jones states that he complained about Dr. Rayford's medical treatment at Vandalia, but the grievance went missing after he placed it in the grievance box. He testified that Dr. Rayford and Dr. Shah were the only two physicians that treated him at Vandalia. Jones was transferred from Vandalia to SWICC shortly after submitting the grievance. Additionally, Jones has submitted a copy of an April 27, 2011 grievance, which was submitted after his transfer to SWICC and complains about

4

Dr. Rayford's treatment of his hernia at Vandalia. *See* Doc. 63 at 7-9. He has also submitted various letters and other documents with his response. *See id*. at 10-13.

### C. Analysis

It is Dr. Rayford's position that Jones failed to properly exhaust his administrative remedies. A prisoner is required to strictly follow all rules established by the confining authority. *See Dole*, 438 F.3d at 809. If it is more likely than not that Jones failed to follow the correct process in exhausting his administrative remedies, then Dr. Rayford should be dismissed. *See id*. Dr. Rayford has submitted evidence that demonstrates no grievances were completely exhausted by Jones as to him. *See* Doc. 49-1-49-2. At the May 10 evidentiary hearing, Dr. Rayford also successfully demonstrated that the April 27, 2011, grievance submitted by Jones (Doc. 63 at 7-9) cannot constitute an appropriate exhaustion attempt. In violation of the IDOC rules, the April 27 grievance was not submitted within 60 days of the incident. *See* 20 Ill.Admin.Code § 504.810. Further, any complaint about Dr. Rayford after Jones' transfer to SWICC should have been sent directly to the ARB. *Id*. § 504.870.

It appears it is Jones' position that he did all he could to exhaust his administrative remedies regarding Dr. Rayford, but IDOC prison officials effectively made administrative remedies unavailable to him. A plaintiff is only required exhaust administrative remedies that are actually available to him. *See Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (citing 42 U.S.C. § 1997e(a); *Johnson v. Litscher*, 260 F.3d 826, 829 (7th Cir. 2001)); *see also Dale*, 376 F.3d at 656; *Dole*, 438 F.3d at 808-11. If it is evident that prison officials failed to respond to Jones' grievances regarding Dr. Rayford, then administrative remedies were unavailable to him. *See, e.g., Dole*, 438 F.3d at 812 (finding that exhaustion was unavailable to *pro se* prisoner who claimed to have filed a grievance that IDOC prison officials had no record of).

5

The evidence does not demonstrate that Jones failed to exhaust his available administrative remedies with regard to Dr. Rayford. Although Dr. Rayford has demonstrated that no grievances regarding his care of Jones at Vandalia ever made it to the ARB at step 3, Jones has testified that he submitted a grievance regarding medical care received by Dr. Rayford at Vandalia prior to his transfer to SWICC. In most cases, a plaintiff's self-serving testimony regarding missing grievances will be insufficient to overcome a defendant's showing that no grievances were completely exhausted. *See, e.g., Davis v. Wahl*, No. 10-971-JPG-PMF, 2012 WL 6759031 (S.D. Ill. Dec. 6, 2012) (refusing to accept plaintiff's unsubstantiated claim that he attempted to exhaust his administrative remedies), *report and recommendation adopted*, No. 10-971-JPG-PMF, 2013 WL 28812 (S.D. Ill. Jan. 2, 2013); *Hall v. Thomas*, 10-633-JPG-PMF, 2012 WL 1866881 (S.D. Ill. Apr. 3, 2012) (same), *report and recommendation adopted*, 10-633-JPG, 2012 WL 1866406 (S.D. Ill. May 22, 2012). But when a prisoner can substantiate his own self-serving testimony with evidence that the missing grievance was referenced in follow-up attempts, for example, it is imperative for the defendant to then provide further evidence to meet its burden of proof.

Here, Jones has filed a copy of letter dated April 7, 2011, that he sent to the ARB after his transfer to SWICC regarding the status of a grievance that he filed regarding his medical treatment at Vandalia. *See* Doc. 63 at 13. This evidence helps provide support and credibility to Jones' testimony regarding a missing grievance from Vandalia. According to Jones, Dr. Rayford and Dr. Shah were the only two treating physicians at Vandalia so it is likely that Jones complained about Dr. Rayford in the missing grievance. Dr. Rayford argued that Jones was still required to follow-up on the grievance when he does not receive a response from a counselor. The Court agrees, but Dr. Rayford has not submitted evidence suggesting that Jones failed to

follow-up with a counselor regarding the missing grievance. This evidence could have taken the form of a grievance counselor log, for example. Furthermore, the record suggests that Jones may have been transferred to Vandalia shortly after submitting a grievance at Vandalia, thereby limiting his chances to receive follow-up information at Vandalia. In the end, Jones followed up on the missing Vandalia grievance in an appropriate manner. *See id*. It does not appear that the missing grievance was ever forwarded to the ARB after Jones' transfer to SWICC. In this situation, the Court can conclude that Dr. Rayford has not demonstrated that Jones failed to exhaust his *available* administrative remedies.

### III. CONCLUSION & RECOMMENDATION

For the forgoing reasons, it is recommended that defendant Dr. Rayford's (Doc. 49) motion for summary judgment be denied.

**SO RECOMMENDED.**

**DATED: May 11, 2013.**

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE