IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL M. JONES,

        Plaintiff,

    vs.

DR. BAHRAT SHAH, *et al.*,

        Defendants.

Case No. 11-cv-611-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Michael M. Jones' notice of change of address and response to the show cause order (Doc. 90). The Court construes Jones' filing as a motion for reconsideration of this Court's December 2, 2013, order and judgment (Docs. 89 & 91).

On December 2, 2013, this Court entered an order (Doc. 89) adopting Magistrate Judge Frazier's Report and Recommendation (Doc. 87) wherein Magistrate Judge Frazier recommended this Court dismiss this case for Jones' failure to maintain an updated mailing address and pay the filing fee as ordered by the Court. Accordingly, Judgment was entered against Jones (Doc. 91). On the same day, the Court received Jones' notice of change of address and response to Magistrate Judge Frazier's show cause order. It appears that Jones was released from prison, is homeless, and has stayed in two different facilities since his release. Jones has further attached documentation indicating he has applied for social security benefits and is currently living in St. Leonard's House, a program in which the residents are classified as "homeless" by the United States Department of Housing (Doc. 90).

It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court

"to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).

Pursuant to Federal Rule of Civil Procedure 60(b)(1), the Court may "relieve a party . . . from a final judgment [or] order" for excusable neglect. Excusable neglect can include omissions through a litigant's carelessness and mistake. *Robb v. Norfolk & Western Ry.*, 122 F.3d 354, 359 (7th Cir. 1997) (citing *In re Bulic*, 997 F.2d 299, 302 (7th Cir. 1993)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) ("excusable neglect" in bankruptcy context). A court should determine whether a litigant's neglect is excusable by weighing the equities, taking into account all of the relevant circumstances including the danger of prejudice to the opposing party, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the negligent party acted in good faith. *Pioneer*, 507 U.S. at 395; *In re Bulic*, 997 F.2d at 302. The court has discretion to determine whether neglect is excusable. *Robb*, 122 F.3d at 361.

Here, Jones has made good faith attempts to update his address (Docs. 81 & 90). Considering that Jones was homeless subsequent to his release from prison and in ill-health, the Court finds it is equitable and just under the circumstances to reconsider its order and judgment. Specifically, the Court finds that excusable neglect exists in this case for Jones' failure to timely file

a notice of change of address or respond to the show cause order as to why he has failed to pay the filing fee as ordered by this Court.

For these reasons, the Court

- **GRANTS** Jones' motion for reconsideration (Doc. 90);

- **VACATES** its judgment (Doc. 91);

- **RECONSIDERS** its order (Doc. 89); and

- **REJECTS** Judge Frazier's Report and Recommendation (Doc. 87) and finds that Jones' has sufficiently shown cause as to why he has failed to pay the filing fee as ordered by this Court as supported by his attached documentation evidencing his homelessness and application for social security benefits.

The parties are advised that the previously set discovery and dispositive motions deadlines remain in place. The parties may petition the Court for additional time, if needed.

**IT IS SO ORDERED**.

**DATED:** December 11, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**